**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

UNITED STATES OF AMERICA
        Plaintiff

v.                                        Case No. 3:22–cr–00012–CAR–CHW

JAMES ARMSTRONG, et al.
        Defendant.

## *STANDARD RULE 5 ORDER*

The above–named defendant(s) having initially appeared before the Court on this date pursuant to Federal Rule of Criminal Procedure 5(c), the Court, having advised the parties orally, now hereby further advises the parties in writing of the following pursuant to Federal Rule of Criminal Procedure 5(f), as amended by the Due Process Protections Act, Pub. L. No. 116–182, 134 Stat. 894 (Oct. 21, 2020):

1. Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, the prosecutor has a duty (1) to disclose and permit inspection and copying of all exculpatory or favorable information and evidence material to either defendant(s)' guilt or sentence, and (2) to learn of any such favorable evidence known to others acting on the government's behalf. This includes any statement made by a co–defendant or co–conspirator who will be a government witness and which will be favorable to the defendant(s). The defendant is entitled to this information without a request.
2. These duties exist whether or not the prosecutor knows of the existence of the evidence if the evidence is in the possession of a government arm or generally provided only to governmental entities.
3. The prosecution does not, however, have an obligation to seek evidence of which it has no knowledge or which is not in its possession.
4. Further, there is no suppression if the defendant(s) know(s) of the information or has(have) equal access to obtaining it.
5. Failure to disclose exculpatory evidence in a timely manner may result in consequences including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

*SO ORDERED* The 18th of May 2022.

s/ CHARLES H WEIGLE
US MAGISTRATE JUDGE